## Case No. 1,493a.

BLAKE et al. v. BOISSELIER et al.

[5 Ban. & A. 352;[1] 16 O. G. 854.]

Circuit Court, E. D. Missouri. March Term, 1879.

PATENTS—INFRINGEMENT—EVIDENCE—PRELIMINARY INJUNCTION—PRIOR SUIT.

Upon a motion for a preliminary injunction in this case, it appeared that complainants' patent had been upheld by the court in another circuit, and the defendants in that case adjudged to have infringed its first claim, but it did not appear that the alleged infringing articles, complained of in this suit, were the same as the infringing articles in the other suit. The defendant denied the infringement and set up another patent. The moving papers contained no evidence of infringement. The court, under these circumstances, denied the motion, but ordered the defendant to keep an account.

[In equity. Bill by Charles F. Blake and others against Elizabeth E. Boisselier and others for infringement of letters patent. Heard on motion for a preliminary injunction. Denied.]

Charles F. Blake, for complainants.
Samuel S. Boyd, for defendants.

TREAT, District Judge. The questions for consideration under the motion for a provisional injunction are, first, as to the validity of complainants' patent, and, second, as to the infringement.

The United States circuit judge for the western district of Pennsylvania, in passing upon a number of patents involved in the same suit, upheld the validity of this special patent, and decided that the defendant in that case infringed this special patent as to its first claim. There is not before this court anything by which it can be determined that the contrivance used by the defendants is the same as that before the said circuit judge for the western district

of Pennsylvania. Again, the defendants are using a California patent, the validity of which, so far as known to this court, has not yet been judicially determined. It is suggested, however, that the complainants in this case instituted proceedings in the United States circuit court for the district of California against the use of the said California patent, the result of which was a dismissal of the complainants' bill, whether on hearing or for want of prosecution is unknown. Hence, while complainants insist that defendants infringe the complainants' patent, not as to the first claim alone, but as to all of the claims in said patent, yet the affidavit filed in support of the bill refers only to the first of said claims, while the affidavit filed by the defendants sets up the California patent and denies all infringement.

In that condition of the record this court is asked to grant a provisional injunction generally with regard to all of the claims made in the complainants' patent. But there is nothing to show or tending to show any infringement as to other than the first claim; and when we look to what is said with reference thereto there is no evidence of any infringement by defendants, even with respect to that claim.

The obscurity and uncertainty resulting from what is said with respect to the decision of the United States circuit court for the western district of Pennsylvania leaves this court with no sufficient light by which rulings should be governed. I stated to the counsel for the complainants when he was here that the rule certainly never obtained in this circuit, and ought never to obtain; that where a party has some vague and indistinct right for a provisional injunction he may have an injunction simpliciter without giving bond or security, and thus destroy the business of the defendant, which is not necessary for the maintenance of the complainants' demand, and may be ruinous to the defendants.

Therefore, to preserve the status of the parties until a final hearing, without any injury resulting, the order will be simply that the defendants keep an account of the articles manufactured by them and also of those by them sold. There is not a sufficient showing in the application to grant an injunction simpliciter without giving bond.

Mr. Boyd. Is there any provision for reporting, or simply to keep an account?

THE COURT. No, sir; only for an accounting. The court will compel you to report at the proper time, if it is necessary.

[NOTE. For other cases involving this patent, see Blake v. Robertson, Case No. 1,500.]